UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 8:10-CR-65-T-24AEP

PATRICIA MARIE FOWLER,
a/k/a Patty Fowler

_____/

## COURT'S INSTRUCTIONS

## TO THE JURY

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a Defendant isn't evidence of guilt. The law presumes every Defendant is innocent. The Defendant does not have to prove her innocence or produce any evidence at all. A Defendant does not have to testify, and if the Defendant chose not to testify, you cannot consider that in any way while making your decision. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all <u>possible</u> doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?
- Did the witness have any particular reason not to tell the truth?
- Did the witness have a personal interest in the outcome of the case?
- Did the witness seem to have a good memory?
- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?
- Did the witness appear to understand the questions clearly and answer them directly?
- Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

If the Government offers evidence that a Defendant made a statement or admission to someone after being arrested or detained, you must consider that evidence with caution and great care.

You must decide for yourself (1) whether the Defendant made the statement, and (2) if so, how much weight to give to it. To make these decisions, you must consider all the evidence about the statement – including the circumstances under which it was made.

The indictment charges two separate crimes, called "counts," against the Defendant. Each count has a number. You'll be given a copy of the indictment to refer to during your deliberations.

Count One charges that, from on or about March 13, 2009 through on or about April 1, 2009, at Tampa, Hillsborough County, in the Middle District of Florida, PATRICIA MARIE FOWLER, the Defendant, did knowingly cause numerous transmissions of a program, information, code, and command to computers belonging to Suncoast Community Health Centers, and, as a result of such conduct, intentionally caused damage without authorization to protected computers which were used in interstate commerce and communication, in an amount of loss aggregating at least $5,000 within a one year period.

Count Two charges that, on or about April 3, 2009, at Tampa, Hillsborough County, in the Middle District of Florida, PATRICIA MARIE FOWLER, the Defendant, did knowingly and with intent to extort from Suncoast Community Health Centers, transmit in interstate commerce a communication containing a demand for money and other things of value, to wit: a letter of recommendation and a letter stating that the decision to fire her was against company policy, in relation to damage to a protected computer, where such damage was caused to facilitate the extortion.

It's a Federal crime to knowingly transmit a harmful program, information, code, or command to a protected computer system without authorization.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

- (1) the Defendant knowingly transmitted a program, information, a code, or a command to a protected computer without authorization;

- (2) the Defendant intended to access a protected computer without authorization and cause damage; and

- (3) the damage resulted in losses of more than $5,000 during a one-year period beginning March 13, 2009, and ending April 1, 2009.

The term "computer" includes any high-speed data-processing device that can perform logical, arithmetic, or storage functions, including any data-storage facility or communications facility that is directly related to or operates in conjunction with the device.

The term "protected computer" means a computer that is used in interstate or foreign commerce or communication, including a computer located outside the United States that is used in a manner that affects interstate or foreign commerce or communications of the United States.

The term "interstate commerce" refers to any transaction or event that involves travel, trade, transportation or communication between a place in one state and a place in another state. The term "foreign commerce" refers to any transaction or event that involves travel, trade, transportation or communication between a place in the United States and a place outside the United States.

9

It's a Federal crime to knowingly send in interstate or foreign commerce a demand or request for money or other thing of value in relation to damage to a protected computer, where such damage was caused to facilitate the extortion.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) That the Defendant transmitted in interstate or foreign commerce a communication to another person containing a demand or request for money or other thing of value;

(2) That the Defendant transmitted the communication with intent to extort money or other thing of value from another person;

(3) That the communication was in relation to damage to a protected computer;

(4) That such damage to the protected computer was caused to facilitate the extortion; and

(5) That the Defendant did so knowingly and willfully.

The term "protected computer" means a computer that is used in interstate or foreign commerce or communication, including a computer located outside the United States that is used in a manner that affects interstate or foreign commerce or communications of the United States.

The term "interstate commerce" refers to any transaction or event that involves travel, trade, transportation or communication between a place in one state and a place in another state. The term "foreign commerce" refers to any transaction or event that involves travel, trade, transportation or communication between a place in the United States and a place outside the United States.

You'll see that the indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the crime occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that her conduct may be violating.

Each count of the indictment charges a separate crime. You must consider each crime and the evidence relating to it separately. If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the Defendant is on trial only for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the Defendant is guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

In these charges, the Court has reviewed the pertinent parts of federal statutes (or laws) which are alleged to have been violated. Where a statute specifies several alternative ways in which an offense may be committed, the indictment may allege the several ways in the conjunctive, that is, by using the word "and;" therefore, if only <u>one</u> of the alternatives is proved beyond a reasonable doubt, that is sufficient for conviction, so long as the jury agrees unanimously as to at least one of the alternatives.

Certain exhibits in the form of charts, summaries, calculations and the like have been received in evidence. Such exhibits are received in evidence where voluminous writings, documents and records are involved. These exhibits are available for your assistance and convenience in considering the evidence.

You've been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.